865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Charles LITTLE, Jr., et al.
v.
NATIONAL RAILROAD PASSENGER CORPORATION, Appellant.
 No. 88-7065.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before WALD, Chief Judge and STARR and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on an appeal from the United States District Court for the District of Columbia and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by this court that the judgment of the District Court from which this appeal has been taken is affirmed.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 National Railroad Passenger Corporation ("Appellant" or "Amtrak") appeals from a judgment entered on a jury verdict in favor of Charles T. Little, Jr. ("Little" or "Appellee") in a negligence action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Sec. 51 et seq. Appellant contends that Appellee's evidence of negligence was insufficient to survive motion for judgment notwithstanding the verdict, that economic evidence was improperly admitted, and that the trial court erred in not setting aside the $697,000 verdict as excessive. Finding no prejudicial error, we affirm for the reasons set out below.
 
 
 5
 Appellee's evidence at trial was to the effect that he received a severe back injury while carrying a file cabinet, with and under the direction of his supervisor, over terrain unfamiliar to him. More specifically, Appellee was walking backward holding one end of the file cabinet, while his supervisor carried the other end. The supervisor advised him to look around behind him. Appellee turned to his left to do so. When he turned, he tripped over a rail, known to be there by his supervisor but not by Appellee.
 
 
 6
 Appellant asserts that there is insufficient evidence of negligence. It argues, among other things, that "the property on which the plaintiff tripped was not the property of the defendant, Amtrak, nor was said property in control of Amtrak...." Brief for Appellant at 8. In the trial court Amtrak had actually made a Rule 36 admission that the accident site "was owned and was under the control of the defendant at the time of the incident." Transcript at 467. Once the misleading argument of Appellant is stripped from consideration and we apply the proper standard, it is plain that there was ample evidence to survive the motion for judgment notwithstanding the verdict. As the District Judge properly noted, "The standard of negligence in a FELA case is exceptionally broad; a plaintiff need only show that 'employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.' " Little v. National R.R. Passenger Corp., Civil Action No. 86-1307 (D.D.C. Feb. 9, 1988) (quoting Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506 (1957). Under the FELA standard, as to which Judge Joyce Hens Green properly instructed the jury, the evidence in this case supported a conclusion that Amtrak failed in its duty to provide a safe place to work, to inspect its premises, and to take appropriate precautions before permitting its employees to work there. See Shenker v. Baltimore & O.R.R., 374 U.S. 1, 7-10 (1963). Particularly is this true, given the distinguishing feature of FELA cases that Appellee need not prove the Appellant's negligence was the proximate cause of its injury, only that it played a part. Rogers v. Missouri Pac. R.R., 352 U.S. at 506.
 
 
 7
 As to the excessiveness of the verdict, Amtrak has two high hurdles to leap.
 
 
 8
 The first of these is the deference due the trial judge, who has had the opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record. The second ... is the deference properly given to the jury's determination of such matters of fact as the weight of the evidence and the quantum of damages. This second factor is further weighted by the constitutional allocation to the jury of questions of fact.
 
 
 9
 Taylor v. Washington Terminal Co., 409 F.2d 145, 148 (D.C.Cir.1969) (footnotes omitted). This, of course, does not mean that the District Judge's opinion will escape review, but it does require that we defer to the trial judge's discretion in the absence of an abuse. See id. at 147-48. Here, there is no such abuse. It cannot be denied that $697,500 is a lot of money for a wage earner who, like Appellee, made only $22,136.40 per year. Neither, however, can we in this case say that the verdict is not " 'in the ball park,' " Washington v. National R.R. Passenger Corp., 477 F.Supp. 1134, 1135 (D.D.C.1979) (citation omitted), or " 'monstrous,' " Taylor v. Washington Terminal Co., 409 F.2d at 148 n. 9 (citation omitted), or otherwise " 'so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate,' " id. at 149 (footnote omitted). Particularly is this true given the abundance of economic evidence presented by Appellee in support of net economic loss for wages, retirement benefits, lost medical coverage, and other evaluated elements potentially supporting a finding of economic loss between $766,311 and $791,574 exclusive of any award for pain and suffering. Appellant correctly argues here that many of these elements are subject to dispute but offered little evidence at trial in reduction of any of them.
 
 
 10
 Finally, we see not merit to Appellant's argument that certain of Appellee's expert witness' testimony was improperly admitted. The evidence in question was the testimony of Dr. Lurito, an economist who testified on the assumption that Little was unemployable. While that basic factual proposition was disputable and, indeed, disputed, a factual predicate for the testimony did exist. Where there is an evidentiary basis for an expert's opinion testimony, the weight and credibility of that testimony is a matter of fact for the jury, not admissibility for the judge. Breidor v. Sears, Roebuck & Co., 722 F.2d 1134, 1138-39 (3d Cir.1983).
 
 
 11
 Before concluding, we feel constrained to comment on the inconvenience visited upon the Court and the Appellee by the lack of a joint appendix in this case. Under our practice, "[t]he appellant ... bears the burden" of going forward with the preparation of the appendix. Handbook of Practice and Internal Procedures, United States Court of Appeals for the District of Columbia Circuit IX.B.2. See also D.C.Cir.R. 12, Fed.R.App.P.R. 30. It appears in this case that counsel for Appellant made no attempt to achieve that accommodation, a practice which we cannot commend.
 
 
 12
 However, this failure in no way affects our judgment which, in any event, must be to affirm the judgment of the District Court.